Galen D. Bellamy (SBN: 231792)
bellamy@wtotrial.com
Jacob A. Rey (*pro hac vice*)
rey@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879

Nicholas L. Secord (SBN: 237398)
mail@sjllegal.com
SJL Law LLP
841 Apollo Street, Suite 300
El Segundo, CA 90245
Telephone: 424.290.0720
Facsimile: 424.290.0721

Attorneys for Plaintiff & Counter-Defendant
Coronis Health RCM, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONIS HEALTH RCM, LLC; and PRACTICAL HOLDINGS, LLC, F/K/A PRACTISOURCE LLC,<br><br>     Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>NEXTGEN LABORATORIES, INC,<br><br>     Defendant/Counter-Claimant. | Case No.: 8:23-cv-00111-FWS-DFM<br>Assigned to Hon. Fred W. Slaughter<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER**<br><br>Date Filed: January 18, 2023<br>Trial Date: May 21, 2024 |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action will likely involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. The protection from

1

public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles.

2. **GOOD CAUSE STATEMENT**

This action will likely involve trade secrets, pricing information, and other valuable development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and use for any purpose other than the prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. This action will also likely involve individual non-parties' protected health information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled and/or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. The parties intend that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it is Protected Health Information, as that term is defined in Section 4.4 below and/or has been maintained in a confidential, non-public manner and that there is good cause why it should not be part of the public record of this case.

3. **ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

The parties further acknowledge, as outlined in Section 14.3 below, that this

Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made concerning Protected Material that a party seeks to file under seal in connection with non-dispositive motions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons for the requested sealing order, supported by specific facts and legal justification. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing shall be filed, omitting only the confidential, privileged, or otherwise protectable portions of the document. Any application that seeks to file documents under seal in their entirety should explain why redaction is not feasible.

4. **DEFINITIONS**

4.1 Action: this pending Federal lawsuit.

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

4.4 "PROTECTED HEALTH INFORMATION": information supplied in any form, including in documents, that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health condition for such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. These terms specifically include "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. *See* 45 C.F.R. § 160.103 (defining "protected health information" and "individually identifiable health information"). Protected Health Information includes, but is not limited to, medical bills, claim forms, requisitions, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests that refer to or identify individual patient(s) in any manner. In order to facilitate the production of Protected Health Information and to protect its confidentiality, the parties from whom such Protected Health Information is sought may produce such material to any party in the Action in an unredacted form without such production constituting a waiver of confidentiality. However, the use of such unredacted Protected Health Information is governed by the terms of this Order with respect to Confidential information. Protected Health

Information shall be treated and designated as "CONFIDENTIAL."

4.5   Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.6   Designating Party: a Party or Non-Party that designates information or items it produces in disclosures or in response to discovery as "CONFIDENTIAL"

4.7   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

4.9   In-House Counsel: attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

4.12   Party: any party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs), limited to those with a legitimate need to know.

4.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    4.15   Protected Material: any Disclosure or Discovery Material designated as "CONFIDENTIAL"

    4.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    5.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

    6.    <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. Notwithstanding the foregoing, in any publicly filed document or during any hearing in this Action, the Parties shall redact Protected Health Information to remove individual patient identifiers (including all Social Security and other identifying

numbers associated with the names of individual patients) and request that any exhibit referring, relating to, or including unredacted Protected Health Information be placed under seal. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of Protected Material.

7. <u>DESIGNATING PROTECTED MATERIAL</u>

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "Confidentiality Legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the Confidentiality Legend to each page that contains Protected Material.

(b) for testimony given in depositions: that the Designating Party identifies, in writing, all protected testimony within fifteen (15) days of receipt of the completed transcript.

(c) for responses to written discovery requests, Protected Material contained therein shall be designated as "CONFIDENTIAL" by means of a statement at the conclusion of each answer specifying what portion of the written discovery request or response is considered to be Protected Material and the Producing Party must affix the Confidentiality Legend on the front of any discovery responses containing such Protected Materials.

(d) for information produced in some form other than documentary and for any other tangible items: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

7.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a confidentiality designation at any time that is consistent with the Court's Scheduling Order.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made improperly (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. **ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL"

only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of, said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel, either *in camera* or redacted, or filed under seal as described herein or as otherwise directed by the Court;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness signs the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (i) any mediators or settlement officers and their supporting personnel mutually agreed upon by any parties engaged in settlement discussions.

Notwithstanding anything to the contrary in the foregoing, the Parties shall redact from publicly-filed documents Protected Health Information to remove individual patient identifiers (including all Social Security and other identifying numbers associated with the names of individual patients) and request that any exhibit referring, relating to, or including unredacted Protected Health Information be placed under seal.

To the extent that any Protected Health Information is transmitted from or to any person entitled to receive such information outside the Receiving Party's Outside Counsel's office, the transmission shall be encrypted if the material is in electronic format (e.g. PDF, TIFF, Word, or Excel files).  Transmission of Protected Health Information (regardless of whether in paper or encrypted electronic format) shall be only (i) by hand delivery in sealed envelopes or containers; (ii) by outside counsel or by secure transport carrier (e.g., Federal Express) in sealed envelopes or containers; (iii) by Secure file transfer site where (1) the Secure file transfer site implements 256 bit AES encryption over SSL and utilizes access controls, and (2) the files containing the Protected Health Information are encrypted and removed from the Secure file transfer site within 7 days; or (iv) by e-mail as an encrypted attachment sent directly to an authorized recipient.  No Party shall reproduce Protected Health Information in the text of an unencrypted e-mail, but must send such information in an encrypted attachment.  Notwithstanding the foregoing, counsel for the Receiving Party may electronically transmit the Protected Health Information of a Producing Party without first encrypting the information when the information is transmitted only over the Receiving Party's counsel office's own private and secure network only to authorized recipients within the Receiving Party's counsel's office, with any remote access to the private and secure network being over a secure (end-to-end), encrypted Internet connection implemented with at least 256 bit AES encryption and requiring authenticated authorized access.

Notwithstanding the foregoing, nothing in this Order shall require Protected

Health Information hosted by a professional vendor that has agreed to be subject to the Order to be encrypted when viewed by an authenticated authorized recipient over a secure (end-to-end) encrypted Internet connection. To the extent that any Protected Health Information is stored on any portable computer or portable electronic medium, it must also be encrypted.

Notwithstanding any provision of this Order to the contrary, in accordance with any applicable federal laws that afford heightened protection to certain categories of Protected Health Information, including, but not limited to, records or diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, and research and other records pertaining to genetic testing, the Producing Party must redact any information afforded heightened protection by such federal laws.

10. <u>PRODUCTION OF PROTECTED MATERIAL PURSUANT TO LEGAL PROCESS NOT IN CONNECTION WITH THE ACTION</u>

If a Party is served with a subpoena, court order, civil investigative demand, or other process from a third party, or some other form of legal process from any court, federal, or state regulatory or administrative body or agency, legislative body, or other person or entity seeking the production of Protected Material ("Third Party Demand") that compels disclosure of any information or items designated by another Party (i.e., not the recipient of such Third Party Demand) in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the Third Party Demand;

(b) promptly notify in writing the party who caused the Third Party Demand to issue that some or all of the material covered by the Third Party Demand is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the Third Party Demand order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court, administrative, or legislative body from which the Third Party Demand issued unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  Nothing contained herein shall prevent a Party from producing its own Protected Material in response to a Third Party Demand.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) This Order's terms apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material in this court.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is

subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

14.  **MISCELLANEOUS**

14.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If the court denies a Party's request to file Protected Material under seal, the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4  Use of Own Protected Material: Nothing in this Order shall prevent a Designating Party from use of its own Protected Material in its possession, custody, or control.

15.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16. **VIOLATION**

Any violation of this Order may be punished by appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: April 27, 2023

By: */s/ Jacob A. Rey*
Galen D. Bellamy
Jacob A. Rey (*pro hac vice*)

Attorneys for Plaintiffs & Counter-Defendants Coronis Health RCM, LLC and Practical Holdings, LLC

Dated: April 27, 2023

By: */s/ Seth B. Orkand*
Katie J. Brinson
Seth B. Orkand (*pro hac vice*)
Edward J. Heath (*pro hac vice*)

Attorneys for Defendant & Counter-Claimant NextGen Laboratories, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 2, 2023

_____
Hon. Douglas F. McCormick
United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONIS HEALTH RCM, LLC; and PRACTICAL HOLDINGS, LLC, F/K/A PRACTISOURCE, LLC,<br><br>　　　　Plaintiffs/Counter-Defendants,<br><br>　　vs.<br><br>NEXTGEN LABORATORIES, INC,<br><br>　　　　Defendant/Counter-Claimant. | Case No.: 8:23-cv-00111-FWS-DFM<br>Assigned to Hon. Fred W. Slaughter<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

　　I, _____, declare that:

　　1.　My address is _____.

　　2.　My present employer is _____
_____.

　　3.　My present occupation or job description is _____
_____.

　　4.　I have read and understood the provisions of the Protective Order the Court has entered in this case, and I will comply with all of its provisions.

　　5.　I will hold in confidence and not disclose to anyone not authorized by the Protective Order any Confidential Material disclosed to me, or any summaries, abstracts, indices, descriptions, discussions, or other documents or communications containing or describing Confidential Material disclosed to me.

　　6.　I will limit the use of Confidential Material disclosed to me solely for purposes of this case.

　　7.　I agree to subject myself to this Court's jurisdiction for any proceedings relating to compliance with or violating the Protective Order.

8. Within sixty (60) days of the conclusion of the case, I will destroy or return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating to it, to outside counsel for the party who disclosed the Confidential Material to me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                    _____
                                                [Name]